# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

1. **Definition of Terms**. This Settlement Agreement and Release ("Agreement") is executed by and between Anecicia Parker, on her own behalf and on behalf of each of her heirs, executors, and administrators (collectively "Parker"), and Defendant U.S. Security Associates, Inc. ("Defendant" or "USSA"), on behalf of its past and present parent, subsidiary, and affiliated entities, predecessors, successors, assigns, representatives, shareholders, officers, directors, agents, and employees (collectively "Released Parties").

2. **Non-Admission**. This Agreement does not constitute an admission by the Released Parties of any violation of any law or statute or that the claims and/or defenses asserted are with or without merit.

3. **Matters Resolved**. The Parties hereby desire to fully and finally resolve Parker's claims raised in the lawsuit entitled *Parker et al. v. U.S. Security Associates, Inc.*, No. 8:16-cv-02403-JSM-TBM, filed in the United States District Court for the Middle District of Florida (the "*Parker Litigation*"). Parker represents that no other charges, actions, or claims against the Released Parties are pending on her behalf, other than that set forth in this paragraph.

4. **Consideration**. In consideration of Parker's execution of this Agreement and agreement to be legally bound by its terms, Defendant agrees to pay Parker the sum of Eight Thousand, Seven Hundred and Seventy-One Dollars and Forty-Nine Cents ($8,771.49) (the "Settlement Amount"). This settlement is conditioned on execution of this agreement and the following events: (i) the Court's approval of this Agreement; (ii) entry of an order dismissing Parker's claims in the *Parker Litigation* with prejudice; and (iii) execution of appropriate tax documentation (e.g., W-9 forms) by Parker and her counsel.

5. **Payment.** Defendant will pay the Settlement Amount within 14 business days after each of the conditions precedent described in Paragraph 4 has occurred. Defendant will issue the below payments and deliver the checks to the offices of Sommers Schwartz, P.C.:

   a. One check will issue payable to Parker in the amount of Five Hundred and Sixty-Seven Dollars and Zero Cents ($567.00) for alleged lost wages, less applicable withholding and deductions for federal, state and local taxes, for which a W-2 will be issued at the appropriate time;

   b. A second check will issue payable to Parker in the amount Five Hundred and Sixty-Seven Dollars and Zero Cents ($567.00) for liquidated damages and any and all other, non-wage damages to which she claims she is or was entitled; and

   c. A third check will issue payable to Sommers Schwartz, P.C., in the amount of Seven Thousand, Six Hundred and Thirty-Seven Dollars and Forty-Nine Cents ($7,637.49) for which appropriate 1099 Forms will issue to Parker and Sommers Schwartz, P.C., as required by law at the appropriate time.

Parker acknowledges and agrees that the payments set forth in Section 5 (c) are in settlement of all claims for attorneys' fees and costs relating to the *Parker Litigation*. The Parties

further acknowledge that they have expressly requested that the settlement payment be allocated as set forth above and agree that each Party is solely responsible for paying the taxes owed under the settlement allocation set forth above.

6. **Waiver and Release**. Parker hereby voluntarily releases and forever discharges the Released Parties from any and all wage and hour and pay related claims, including any claim for back pay, liquidated damages, interest, and/or attorneys' fees and costs, under the federal Fair Labor Standards Act, Florida law (including without limitation under Fla. Stat. § 448.08), federal, state or local laws and/or ordinances, or tort or contract theories whether known or unknown, and whether anticipated or unanticipated, that arose at any time during Parker's employment or affiliation with Defendant through the date she executes this Agreement.

Nothing in this Agreement shall be construed to prohibit Parker from filing a charge with or participating in any investigation or proceeding conducted by the EEOC or a comparable state or local agency. Parker's waiver and release in this Agreement does not apply to any rights which are not subject to her unilateral waiver under applicable law.

The Parties agree to jointly move the court in the *Parker Litigation* for approval of a release of the aforesaid claims, and that the denial of such motion by the court shall render this Agreement null and void and Parker shall not be entitled to any payments under this Agreement.

7. **Non-Disparagement.** Parker agrees that she has not and will not make, either herself or through an agent, any oral or written statements or omissions that are or reasonably could be interpreted to be of a disparaging nature concerning any of the Released Parties, including, but not limited to, disparaging statements about Defendant's business practices, the activities of its employees, events in the workplace, and her treatment by any of the Released Parties, to anyone other than in private and privileged conversations with her legal advisor, as required by any administrative agency, in response to a lawful subpoena, with the EEOC or other such governmental agency, or as required by law. Parker agrees and promises that in the event she is ever served with such a subpoena, she will provide written notice, within five (5) days after being served with such subpoena, to: The Office of the General Counsel, U.S. Security Associates, Inc., 200 Mansell Court E, Suite 500, Roswell, GA 30076. Defendant agrees that it will instruct Parker's former managers (provided they are employed with Defendant) and Human Resources to direct any prospective employers or anyone else asking about Parker to call The Work Number 1-800-660-3399, Employer Code: 16581, a third party vendor who will provide a neutral reference consisting only of confirmation of Parker's dates of employment and last position held.

8. **No Future Employment.** Parker hereby acknowledges and understands that she is no longer employed by USSA and that she will not be considered for employment by USSA or any of its parents, subsidiaries, divisions, affiliates, operating companies or management companies in the future. Parker hereby covenants that she shall not apply for or otherwise seek employment, or accept temporary or contract placement through a third-party staffing or employment agency, with USSA or any of its parents, subsidiaries, divisions, affiliates, operating companies or management companies. Parker further agrees that, in the event she is employed by any company that is acquired by USSA or any of its parents, subsidiaries, divisions, affiliates, operating companies or management companies, she shall resign from said employment immediately upon USSA's request or upon learning of the acquisition, and confirming (which she

will do as soon as she learns of the acquisition) with the Chief of Human Resources that such acquisition is covered by this provision and that should Parker fail or refuse to do so, USSA may terminate her employment and Parker shall have no recourse against USSA or its parents, subsidiaries, divisions, affiliates, operating companies or management companies.

9. **Construction of Agreement**.

   a. The laws of the State of Florida, exclusive of laws relating to conflicts of laws, shall govern the validity of this Agreement, the construction of its terms, and the interpretation of the rights and duties of the Parties.

   b. This Agreement supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter set forth herein. No modification, revision, addition to, or alteration of this Agreement will be binding unless in writing and signed by Parker and Defendant.

   c. If any section of the Agreement should be held invalid by operation of law or by a tribunal of competent jurisdiction, or if compliance with or enforcement of any section is restrained by such tribunal, the application of any and all other sections, other than those which have been held invalid, will not be affected. However, under no circumstances may the Waiver & Release provision set forth in Section 6 be severed from the Agreement. Rather, if it is deemed unenforceable, Parker will execute another Waiver & Release provision that is valid, lawful and enforceable, it being the intent of the parties for Parker to provide a waiver and release under this Agreement.

   d. Captions and section headings used herein are for convenience only, are not a part of this Agreement, and will not be deemed to limit or alter any provisions hereof or to be relevant in construing this Agreement.

10. **Counterparts**. This Agreement may be executed by one or more facsimile or electronic or scanned signatures in separate counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

11. **Understandings**. Parker understands and agrees that she has been advised to consult with an attorney which she may freely choose prior to executing this Agreement; has carefully read and fully understands the provisions of this Agreement; and is knowingly and voluntarily agreeing to all the terms set forth in this Agreement.

**IN WITNESS WHEREOF**, and intending to be legally bound hereby, the Parties have executed the foregoing Agreement.

_____
Anecicia Parker

Date: 1/11/2017

_740 37ave South_____
(Street Address)

_St Petersburg go 33705_____
(City, State, Zip Code)


U.S. Security Associates, Inc.

_____
By: Oni Holley Brown
Title: Assistant General Counsel

Date: __1/12/17_____